# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

HECTOR M. MARTIN-ANDRADE,

        Petitioner,

v.                                                       Case No. 23-CV-1722

JASON BENZEL,

        Respondent.

## ORDER ON THE PETITION FOR A WRIT OF HABEAS CORPUS

Hector M. Martin-Andrade, who is incarcerated pursuant to the judgment of a Wisconsin Circuit Court, filed a petition for a writ of habeas corpus.

Rule 4 of the Rules Governing Section 2254 Cases states:

If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Martin-Andrade presents at least one cognizable claim for relief. He has pursued relief in the Wisconsin Court of Appeals and Wisconsin Supreme Court (ECF No. 1 at 3), and therefore has plausibly exhausted his state court remedies. *See* 28 U.S.C.

§ 2254(b)(1)(A). He states he has not previously sought federal habeas relief. (ECF No. 1 at 9); 28 U.S.C. § 2244(b).

His conviction appears to have become final on September 14, 2020, when the time for seeking review by the United States Supreme Court expired. *See* Sup. Ct. R. 13; *Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002). The one-year clock under 28 U.S.C. § 2244(d) then ran until August 31, 2021, when he filed a motion for post-conviction relief. (ECF No. 1 at 5.) The proceedings on that motion concluded on December 12, 2023, when the Wisconsin Supreme Court denied his request for review. (ECF No. 1-1 at 25.) The court received his petition on December 26, 2023 (although it was deemed filed when he mailed it, *Taylor v. Brown*, 787 F.3d 851, 858 (7th Cir. 2015)). Consequently, the court is unable to say that it is plainly apparent that the petitioner is not entitled to relief. The respondent shall answer the petition.

The Clerk of Court shall promptly serve the respondent by service of a copy of the petition and this order upon the State of Wisconsin Attorney General.

No later than **60 days after this order**, the respondent shall answer the petition in accordance with Rule 5 of the Rules Governing Section 2254 Cases. The petitioner shall then submit a brief in support of his petition no later than **28 days thereafter**. The respondent shall submit a brief in opposition no later than **28 days thereafter**. The petitioner may reply no later than **21 days thereafter**.

Alternatively, the respondent may move to dismiss the petitioner's petition no later than **60 days after this order**. In the event the respondent moves to dismiss the petition, the petitioner shall respond to that motion no later than **28 days thereafter**. The respondent may then reply no later than **28 days thereafter**.

Unless the court determines that additional proceedings are necessary, this shall conclude the briefing. The court will then resolve the petition on the written record.

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this 9th day of January, 2024.

WILLIAM E. DUFFIN
U.S. Magistrate Judge