# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

HECTOR M. MARTIN-ANDRADE,

                Petitioner,

v.

DAN CROMWELL,[1]

                Respondent.

Case No. 23-CV-1722-JPS

**ORDER**

## 1.   INTRODUCTION

Petitioner Hector M. Martin-Andrade ("Petitioner"), who is currently incarcerated at Dodge Correctional Institution, petitions the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. The petition purports to assert eight grounds for relief, which Petitioner enumerates as follows:

- Ground One: "Ineffective Assistance of Postconviction Counsel ([Attorney Robert T.] Ruth) in omitting, without reasonable justification, an obvious, clearly stronger, and winning issue respecting prosecutorial misconduct due to a *Berger* [*v. United States*, 295 U.S. 78 (1935)] violation when the Prosecutor threw the weight of his own credibility as a representative of the Government behind

---

[1] The Court has substituted Dan Cromwell as the proper Respondent as the current Warden of Dodge Correctional Institution. *See* Fed. R. Civ. P. 25(d); *see also* Rule 2(a), RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS ("If the petitioner is currently in custody under a state court judgment, the petition must name as respondent the state officer who has custody.").

his personal opinions during his closing argument to the jury." ECF No. 1 at 6;

- Ground Two: "Ineffective Assistance of Postconviction Counsel (Ruth) in omitting, without reasonable justification, an obvious, clearly stronger, and winning issue respecting ineffective assistance of trial counsel in failing to object at trial to the legally improper statements made by the prosecutor during his closing argument to the jury." *Id.* at 7;

- Ground Three: "Ineffective assistance of postconviction counsel (Ruth) in omitting[] stronger[] and winning issue respecting ineffective assistance of trial counsel in failing to introduce [the victim's] normal medical/SANE exam (and request for an order compelling copies of the medical/SANE records)." *Id.* at 8;

- Ground Four: "Postconviction counsel (Ruth) provided ineffective assistance by inadequately and improperly raising the issue regarding trial counsel's ineffective assistance due to trial counsel's failure to move to exclude the testimony of the state's expert witness ([Amanda] Didier), where attorney Ruth unjustifiably raised the issue 'in the alternative' and wrongly asserted that 'counsel adequately objected to the tardy and inadequate disclosure of discovery.'" *Id.* at 9;

- Ground Five: "Ineffective assistance of postconviction counsel (Ruth) in omitting, without reasonable justification, an obvious, clearly stronger, and winning issue respecting ineffective assistance of trial counsel in failing to make a timely objection at the pre-trial conference to the state's failure to produce discovery, and in failing

to conduct a proper investigation into the State's expert (Didier)." *Id.* at 10;

- Ground Six: "Prosecutorial misconduct attributable to the prosecutor's repeated reference to the alleged victim's lost sexual innocence at the hand of the Defendant (Plain error respecting Constitutional violation)." *Id.* at 11;

- Count Seven: "Petitioner's Sixth Amendment right to counsel and Fourteenth Amendment right to Due Process under the U.S. Constitution were violated when the trial court denied Petitioner's motion to adjourn." *Id.* at 12; and

- Ground Eight: "Petitioner was deprived of his Sixth Amendment right to the effective assistance of trial counsel. While the motion to adjourn had the potential of curing the late discovery, the lack of a witness list, and the incomplete expert summary (because it would have permitted defense counsel time to prepare for Petitioner's defense, counsel should have moved to exclude any witness not listed and should have objected to the areas of Didier's testimony where she exceeded the scope of the expert summary. Additionally, trial counsel was ineffective in failing to object or move for a mistrial when the prosecutor repeatedly referenced [the victim's] alleged loss of innocence." *Id.* at 13.

Respondent Dan Cromwell ("Respondent") moves to dismiss the petition on the basis that the grounds within it are either unexhausted or procedurally defaulted. ECF No. 8. For the reasons discussed below, the Court will grant in part and deny in part the motion to dismiss.

## 2. BACKGROUND

### 2.1 Trial and Sentencing

In November 2015, a jury found Petitioner guilty of a charge of first-degree child sexual assault (intercourse with person under 12). *State of Wisconsin v. Hector M. Martin-Andrade*, 2015CF000366 (Milwaukee Cnty. Cir. Ct. 2015), *available at* https://wcca.wicourts.gov/caseDetail.html?caseNo=2015CF000366&countyNo=40&index=0&mode=details. The circuit court sentenced him to twenty-five years of imprisonment to be followed by a fifteen-year term of extended supervision. *Id.* At trial and sentencing, Petitioner was represented by Attorney Robert R. Ledesma ("Attorney Ledesma"). *Id.*

### 2.2 Motion for New Trial

In March 2018, Petitioner moved the circuit court for a new trial through Attorney Robert T. Ruth ("Attorney Ruth"). ECF No. 9-7 at 20 (also requesting an evidentiary hearing with respect to claims of ineffective assistance of counsel). In the motion for a new trial, Attorney Ruth asserted the following grounds:

- "The trial court erred when it denied trial counsel's November 23, 2015[] motion to adjourn the trial." *Id.* at 1;

- "The trial court erred when it permitted the state's expert witness [Didier] to testify beyond the scope of the expert summary provided by the state." *Id.* at 7;

- "The prosecutor committed plain error when he repeatedly argued to the jury that this case was about the alleged victim's lost sexual innocence at the hand of the defendant." *Id.* at 9;

- "Trial counsel failed to object to the state's lack of a witness list and failed to move to exclude the witnesses not listed on a witness list by the state." *Id.* at 14;

- "Trial counsel failed to seek the exclusion of witnesses Amanda Didier and [the victim] on the ground that the state failed to provide their written or recorded statements within a reasonable time before trial." *Id.*;

- "Trial counsel failed to move to exclude expert testimony on subjects not set forth in the expert summary turned over within a reasonable time before trial." *Id.*; and

- "Trial counsel failed to object to the prosecutor's repeated claims that this case was about the alleged victim's lost innocence at the hand of the defendant." *Id.*

In June 2018, the circuit court denied the motion in a short order. ECF No. 9-8. The circuit court concluded that the claims were "conclusory" and that "[t]he motion [wa]s insufficient to warrant a hearing." *Id.* at 2 (citing *Nelson v. State*, 195 N.W.2d 629, 633 (Wis. 1972)). The circuit court rejected Petitioner's complaints regarding the prosecutor's closing argument, seemingly on the merits. *Id.* at 3 ("The court is not persuaded that the State's comments caused the defendant to receive an unfair trial."). The circuit court also rejected Petitioner's ineffective assistance of trial counsel arguments, also seemingly on the merits. *Id.* at 4 ("The court finds nothing demonstrating that the defendant was prejudiced by counsel's actions with respect to any of the allegations of ineffective assistance. There is not a reasonable probability that [the circuit court] would have sustained any of the defendant's objections, and the court is not persuaded that [the circuit

court] would have granted a mistrial based on the comments made by the State in closing argument.").

### 2.3 Direct Appeal to Wisconsin Court of Appeals

In March 2019, Attorney Ruth appealed to the Wisconsin Court of Appeals from both Petitioner's conviction and sentence and from the circuit court's order denying Petitioner's motion for a new trial. ECF No. 9-9. Attorney Ruth presented the following issues:

I.   Did the trial court err when it denied trial counsel's motion to adjourn the trial?
     . . .

II.  Did the trial court err when it permitted the state's expert witness [Didier] to testify beyond the scope of the expert summary?
     . . .

III. Did the denial of the motion to adjourn violate [Petitioner's] Sixth Amendment right to counsel and Fourteenth Amendment right to due process?
     . . .

IV.  Were the denial of the motion to adjourn and the denial of the motion to limit the expert's testimony to topics mentioned in the expert summary harmless error?
     . . .

V.   Was it plan error for the prosecutor to repeatedly argue to the jury that this case was about the alleged victim's lost sexual innocence at the hand of the defendant?
     . . .

VI.  Is the [Petitioner] entitled to an evidentiary hearing on his ineffective assistance of counsel claims?

*Id.* at 7–8.

The Wisconsin Court of Appeals affirmed Petitioner's conviction and sentence. ECF No. 9-10. The Court of Appeals first concluded that the

circuit court properly exercised its discretion in denying the motion to adjourn the trial. *Id.* at 3–4. The appellate court also noted that while Petitioner had asserted in his appellate brief that the circuit court's denial of the motion to adjourn violated "his constitutional rights under the Fifth Amendment, Sixth Amendment, and Fourteenth Amendment," Petitioner "did not argue [this] in his postconviction motion." *Id.* at 4 n.3. The Wisconsin Court of Appeals accordingly "declin[e]d to address this" argument, although it noted that the argument nevertheless "appear[ed] meritless." *Id.* (citing *State v. Johnson*, 516 N.W.2d 463, 470 (Wis. Ct. App. 1994) (an issue raised in the circuit court but not argued is deemed abandoned)).

The Wisconsin Court of Appeals next rejected Petitioner's argument that the circuit court erred in permitting Didier to testify beyond the scope of her expert summary; "We conclude that Didier's testimony did not exceed the scope of the subject matter summary she provided before trial." *Id.* at 4–5.

The Wisconsin Court of Appeals also rejected Petitioner's plain error challenge to the prosecutor's comments about the victim's lost innocence in closing argument. *Id.* at 5. The Court of Appeals rejected Petitioner's attempt to characterize the prosecutor's comments as going to the victim's virginity status. *Id.* at 5–6 ("The prosecutor did not use the words 'virgin,' 'virginity,' or the phrase 'sexual innocence' during closing argument."). It also concluded that "the prosecutor's comments that the victim lost her *innocence* to [Petitioner] were acceptable in the context of closing argument." *Id.* at 6. In any event, the Wisconsin Court of Appeals noted, "the jury was told that closing arguments were not evidence." *Id.* at 6.

Lastly, the Wisconsin Court of Appeals rejected Petitioner's contention that the circuit court erred in denying his March 2018 motion for a new trial, specifically to the extent that it sought an evidentiary hearing with respect to Petitioner's claims of ineffective assistance of counsel. *Id.* The Wisconsin Court of Appeals noted that Petitioner had "acknowledge[d] in his reply brief that trial counsel adequately objected to the tardy discovery and allegedly inadequate expert summary" and so had "concede[d] that th[e] [Wisconsin Court of Appeals] need[ed] not address his ineffective assistance of counsel claims related to these issues." *Id.* at 7. "As for the last two claims," the court continued, "we have rejected these arguments on their merits," and "[c]ounsel did not render ineffective assistance by failing to raise meritless issues." *Id.* (citing *State v. Golden*, 519 N.W.2d 659, 661–62 (Wis. Ct. App. 1994)).

### 2.4 Petition for Review to Wisconsin Supreme Court

In February 2020, Attorney Ruth petitioned the Wisconsin Supreme Court for review. ECF No. 9-11. He presented three issues:

I.   Do Wisconsin's statutory discovery sanctions apply to the State's tardy disclosure of the statement attributed to the State's expert witness?

II.  Is the State's notice that its expert will testify about the "behavior of child victims" adequate notice to permit the expert to testify in detail about all possible behaviors of child victims?

III. Did the denial of the motion to adjourn violate [Petitioner's] Sixth Amendment right to counsel and Fourteenth Amendment right to due process?

*Id.* at 4. In June 2020, the Wisconsin Supreme Court denied the petition for review without opinion. ECF No. 9-12.

### 2.5    Wisconsin Statute § 974.06 Postconviction Motion

In August 2021, Petitioner filed a pro se motion for postconviction relief under Wis. Stat. § 974.06. ECF No. 9-13. In that motion, Petitioner asserted that Attorney Ruth failed to properly identify and raise various issues that were "significant, obvious, and clearly stronger than the issues Attorney Ruth raised or inadequately raised." *Id.* at 2. Petitioner enumerated those issues as follows:

- Prosecutorial misconduct. *Id.* at 6–7 (arguing that the prosecutor made inappropriate comments in his closing argument and "threw the weight of his own credibility as a representative of the government behind his personal opinion while vouching for the credibility of the State's primary witness" in violation of Petitioner's right to due process);

- Ineffective assistance of trial counsel for failure to object to the above-described prosecutorial misconduct. *Id.* at 6, 8–10 (collecting cases);

- Ineffective assistance of trial counsel for failure to introduce evidence of the victim's medical/SANE evaluation. *Id.* at 10–11;

- Ineffective assistance of trial counsel for failure to move to exclude Didier's testimony. *Id.* at 11–13; and

- Ineffective assistance of trial counsel for failure to object at the final pretrial conference regarding the State's failure to produce discovery, including with respect to Didier. *Id.* at 14–15.

The circuit court denied Petitioner's § 974.06 motion. ECF No. 9-14. It began by noting that "[i]n order to obtain an evidentiary hearing, the defendant must allege within the four corners of the document itself sufficient material facts for reviewing courts to meaningfully assess a

defendant's claim; that is, who, what, where, when, why, and how (the five 'w's' and one 'h')." *Id.* at 2–3 (citing *State v. Balliette*, 805 N.W.2d 334, ¶ 59 (Wis. 2011)). It further noted that "[i]neffectiveness claims require a postconviction evidentiary hearing in order to preserve trial counsel's testimony," and also that "[i]f the defendant fails to allege sufficient facts in his motion to raise a question of fact, or presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief, the trial court may in the exercise of its legal discretion deny the motion without a hearing." *Id.* at 3 (citing *State v. Machner*, 285 N.W.2d 905, 908–09 (Wis. Ct. App. 1979) and *Nelson*, 195 N.W.2d at 633–34).

The circuit court began with Petitioner's prosecutorial misconduct argument. *Id.* The court rejected this argument, "find[ing] nothing objectionable about the prosecutor's statements" and concluding that "the total context of the prosecutor's remarks demonstrate that he was not personally (or on behalf of the state) vouching for the credibility of the victim at all; rather, he was inviting the jury to infer that she was being truthful based on her age, presentation, the circumstances of her disclosure, and her own statements . . . ." *Id.* at 3–6. Given that conclusion, the circuit court rejected Petitioner's ineffective assistance of trial counsel claim to the extent that it was grounded in Attorney Ledesma's failure to object to the alleged prosecutorial misconduct. *Id.* at 6 (citing *State v. Wheat*, 674 N.W.2d 441, ¶ 14 (Wis. Ct. App. 2002) and *State v. Ziebart*, 673 N.W.2d 369, ¶ 15 (Wis. Ct. App. 2003)).

The circuit court next rejected Petitioner's argument that Attorney Ledesma was ineffective by failing to obtain and introduce evidence at trial of the victim's medical/SANE examination. *Id.* at 7. The circuit court noted that, since the victim did not report the alleged sexual assault until roughly

six months after the alleged year-long period of abuse had ceased, anywhere from six months to a year would have passed "between when the assault occurred and when the victim was examined." *Id.* "Without something from an expert stating that physical evidence of this type of assault would be expected to be found in a SANE exam months after the assault, the defendant's Sixth Amendment claim is conclusory." *Id.*

Lastly, the circuit court concluded that Petitioner's arguments that Attorney Ledesma was ineffective for failing to move to exclude Didier's testimony and for failing to object to the State's failure to produce discovery were "nothing more than a rehash" of issues that Attorney Ruth had previously raised. *Id.* "Since these issues were previously litigated in the defendant's prior postconviction motion and appeal, [Petitioner] is barred from raising them now." *Id.* at 7–8 (citing *State v. Witowski,* 473 N.W.2d 512, 514 (Wis. Ct. App. 1991) and *State v. Walberg*, 325 N.W.2d 697, 691 (Wis. 1982)).

"In sum," the circuit court concluded, "[Petitioner] has failed to allege sufficient facts to warrant a hearing or other relief based on claims of ineffective assistance of trial and postconviction counsel." *Id.* at 8. "Therefore, the court, in its exercise of discretion, denies the motion without a hearing." *Id.* (citing *Nelson*, 195 N.W.2d at 633–34).

Petitioner appealed the denial of his § 974.06 motion to the Wisconsin Court of Appeals. ECF No. 9-15. As recounted by the Wisconsin Court of Appeals,

> [Petitioner] argues that: (1) the prosecutor improperly vouched for the truthfulness of the child victim during closing argument; (2) his trial counsel should have objected to the prosecutor's improper closing argument; (3) his trial counsel should have sought to introduce medical records

pertaining to the child victim; (4) his trial counsel should have moved to exclude testimony from Amanda Didier, a State expert witness; and (5) his trial counsel should have objected to the State's failure to timely provide pretrial discovery to him pertaining to Didier.

ECF No. 9-16 at 1–2. Notably, the Wisconsin Court of Appeals did not acknowledge ineffective assistance of postconviction counsel as a claim in and of itself. The Wisconsin Court of Appeals summarily affirmed the denial of Petitioner's § 974.06 motion. *Id.* at 2.

With respect to Petitioner's argument that the prosecutor improperly vouched for the victim's credibility, the Wisconsin Court of Appeals agreed with and adopted the circuit court's conclusion that there was "nothing objectionable about the prosecutor's statements." *Id.* Accordingly, the court rejected in hand Petitioner's ineffective assistance of counsel argument as premised on a failure to object to the prosecutor's alleged improper vouching. *Id.* at 2–3 ("[T]rial counsel did not render ineffective assistance by failing to raise a meritless objection." (citing *Golden*, 519 N.W.2d at 661–62)).

The Wisconsin Court of Appeals next addressed Petitioner's argument that Attorney Ledesma was ineffective because he failed to obtain and introduce at trial evidence of the victim's medical/SANE examination. *Id.* at 3. The Wisconsin Court of Appeals concluded that Petitioner had not demonstrated that "th[is] claim[] . . . [is] clearly stronger than the claims postconviction counsel actually brought." *Id.* (quoting *State v. Romero-Georgana*, 849 N.W.2d 668, ¶ 4 (Wis. 2014)).

Next, the Wisconsin Court of Appeals addressed Petitioner's argument that Attorney Ledesma was ineffective both for failing to move to exclude Didier's testimony and for failing to move regarding the State's

failure to timely turn over discovery pertaining to Didier. *Id.* The court concluded that it had already "addressed these claims in [Petitioner's] prior direct appeal," so Petitioner was barred from relitigating them. *Id.* (citing *Witowski*, 473 N.W.2d at 514).

Petitioner sought review in the Wisconsin Supreme Court. ECF No. 9-17. The Wisconsin Supreme Court denied the petition for review without opinion. ECF No. 9-18.

### 3. ANALYSIS

Respondent moves to dismiss the petition on the basis that all grounds asserted within it are either unexhausted or procedurally defaulted. ECF No. 8 at 1. He argues that each ground is procedurally defaulted because "the Wisconsin Court of Appeals rejected them pursuant to state procedural grounds that are independent of the federal question and adequate to support the judgment." ECF No. 9 at 6.

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies [citation] thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal quotation marks omitted). "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Id.* (quoting *Duncan*, 513 U.S. at 365–66 and citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 834 (1999)).

Further, "[a] claim will be procedurally defaulted—and barred from federal review—if the last state court that rendered judgment 'clearly and expressly' states that its judgment rests on a state procedural bar." *Lee v.*

*Foster*, 750 F.3d 687, 693 (7th Cir. 2014) (quoting *Harris v. Reed*, 489 U.S. 255, 263 (1989) (internal quotation marks omitted)). Federal courts "will not entertain questions of federal law in a habeas petition when the state procedural ground relied upon in the state court 'is independent of the federal question and adequate to support the judgment.'" *Id.* (quoting *Coleman v. Thompson*, 501 U.S. 722, 729 (1991)). "An independent state ground will be found 'when the court actually relied on the procedural bar as an independent basis for its disposition of the case.'" *Id.* (quoting *Thompkins v. Pfister*, 698 F.3d 976, 986 (7th Cir. 2012)). "A state law ground is adequate 'when it is a firmly established and regularly followed state practice at the time it is applied.'" *Id.* (quoting *Thompkins*, 798 F.3d at 986).

With these concepts in mind, the Court proceeds to address Petitioner's asserted grounds for relief.

### 3.1   Ineffective Assistance of Postconviction Counsel

First, in Grounds One through Five, Petitioner asserts that postconviction counsel Attorney Ruth was constitutionally ineffective failing to raise various issues in the direct appeal. ECF No. 1 at 6–10. The Court first addresses whether Petitioner exhausted his allegations of ineffective assistance of postconviction counsel. Importantly, "the failure to alert the state court to a complaint about one aspect of counsel's assistance will lead to a procedural default" with respect to that specific complaint. *Stevens v. McBride*, 489 F.3d 883, 894 (7th Cir. 2007). In other words, a petitioner asserting ineffective assistance of counsel must assert all relevant and applicable bases and theories for that claim in the first instance; he cannot later tack on additional complaints regarding counsel's performance. *Id.* (concluding that the petitioner failed to "sufficiently alert[] the state court to the fact that [he] intended to prove ineffectiveness through

counsel's failure to present [a specific] claim, and therefore [the petitioner]" could not proffer such an argument on federal habeas review).

In his § 974.06 motion, Petitioner asserted that Attorney Ruth was ineffective for failing to identify and raise "the issues raised in this motion," which issues included the allegedly improper vouching for the victim's credibility by the prosecution, as well as ineffective assistance of trial counsel. ECF No. 9–13 at 2, 6–15. Petitioner also cited to and applied *Strickland. Id.* at 5. The Court is therefore satisfied that he fairly presented his ineffective assistance of postconviction counsel claims to the circuit court. Petitioner renewed those arguments in his brief to the Wisconsin Court of Appeals, *see generally* ECF No. 9-15, as well as in his petition to the Wisconsin Supreme Court, ECF No. 9-17 at 9. Accordingly, the Court is satisfied that Petitioner exhausted his claims of ineffective assistance of postconviction counsel. Respondent concedes this point as well. *See* ECF No. 9 at 10 ("Grounds One through Five of [the] [p]etition raise ineffective assistance of postconviction counsel claims . . . . [Petitioner] presented these claims in his collateral appeal under Wis. Stat. § 974.06.").

The next question is whether the Wisconsin Court of Appeals—the last state court to actually author an opinion—"actually relied on" an independent and adequate state law ground in addressing the alleged ineffective assistance of Attorney Ruth. *Lee*, 750 F.3d at 693 (quoting *Thompkins*, 698 F.3d at 986). The Court concludes that the Wisconsin Court of Appeals did not.

In his § 974.06 motion, Petitioner asserted that Attorney Ruth had failed to raise various issues that he should have raised. ECF No. 9-13 at 2. The § 974.06 motion did not specifically use the word "ineffective" with reference to Attorney Ruth, but ineffectiveness was the import of the

contention. Moreover, in his brief to the Wisconsin Court of Appeals, Petitioner clearly asserted that "Attorney Ruth's performance was . . . deficient" and that the "deficient performance was prejudicial." ECF No. 9-15 at 42.

Not only did the Wisconsin Court of Appeals not appear to have addressed such a claim based on an adequate and independent state law ground, but it also does not appear to have acknowledged such a claim at all. In recounting Petitioner's grounds for relief, it listed only Petitioner's ineffective assistance of trial counsel claims and his claim that the prosecutor improperly vouched for the victim's credibility. *See* ECF No. 9-16 at 1-2.

The only point in the barely three-page order at which the Wisconsin Court of Appeals even referenced postconviction counsel at all was in the context of noting that any alleged ineffectiveness of postconviction counsel would not cure the procedural default of Petitioner's ineffective assistance of trial counsel arguments:

> [Petitioner] next argues that he received ineffective assistance of trial counsel because his lawyer did not introduce evidence at trial pertaining to a medical examination of the victim. "[A] defendant who alleges . . . that his postconviction counsel was ineffective for failing to bring certain viable claims must demonstrate that the claims he wishes to bring are clearly stronger than the claims postconviction counsel actually brought." *State v. Romero Georgana*. . . . [Petitioner] has not met this bar. . . . Because [Petitioner] has not shown that this [ineffective assistance of trial counsel] claim is clearly stronger than the claims his postconviction counsel brought, his claim fails under *Romero-Georgana*.

ECF No. 9-16 at 3. Said otherwise, the Wisconsin Court of Appeals only referenced the alleged ineffectiveness of Attorney Ruth as a potential means

"to excuse [the] procedural default" of Petitioner's ineffective assistance of trial counsel claim. *See Garcia v. Cromwell*, 28 F.4th 764, 767 (7th Cir. 2022) (citing *Romero-Georgana*, 849 N.W.2d ¶ 36). It never acknowledged any alleged ineffectiveness on Attorney Ruth's part as a standalone claim. Again, that is so despite Petitioner's brief to that court arguing that "Attorney Ruth provided ineffective assistance . . . ." ECF No. 9-15 at 13–14; *id.* at 42–43 (arguing same); *see* ECF No. 14 at 11 (Petitioner's brief in opposition to motion to dismiss) ("[T]he appellate court did not address th[ese] claims at all. It missed the claims altogether."). That being the case, the Court cannot conclude that the Wisconsin Court of Appeals "reject[ed] [Petitioner's] [ineffective assistance of postconviction counsel] challenge . . . on an independent and adequate state-law ground" such that this Court would deem it procedurally defaulted. *See Garcia*, 28 F.4th at 771.

The fact that the state court *could* have decided the issue on a procedural rule does not equate to procedural default. "The mere existence of a basis for a state procedural bar" on which the state court might have relied is insufficient; "the state court must actually have relied on the procedural bar as an independent basis for its disposition of the case." *Caldwell v. Mississippi*, 472 U.S. 320, 327 (1985) (citing *Ulster Cnty. Ct. v. Allen*, 442 U.S. 140, 152–54 (1979)). Moreover, the state court must have enunciated such reliance on a state procedural bar "clearly and expressly." *Pole v. Randolph*, 570 F.3d 922, 938 (7th Cir. 2009) (quoting *Harris*, 489 U.S. at 263 and citing *Smith v. Battaglia*, 415 F.3d 649, 653 (7th Cir. 2005) and *Sanders v. Cotton*, 398 F.3d 572, 580 (7th Cir. 2005)); *Sanders*, 398 F.3d at 579 ("[O]nly an *explicit* invocation of a state procedural bar blocks federal consideration of an issue." (emphasis added)). The Wisconsin Court of Appeals did not "clearly and expressly" note that it was rejecting Petitioner's ineffective

assistance of postconviction counsel claim on a state procedural bar; again, and as noted earlier, the court failed to acknowledge that Petitioner asserted such a standalone claim at all. "[F]ederal courts cannot assume a claim has been procedurally defaulted merely because the state courts fail to mention the claim in their opinions." *McAtee v. Cowan*, 250 F.3d 506, 509 (7th Cir. 2001) (citing *Digmon*, 434 U.S. at 333–34). For all these reasons, the Court will deny Respondent's motion to dismiss with respect to Grounds One through Five.

### 3.2 Improper Vouching by Prosecutor for Victim's Credibility

Ground Six asserts that the prosecutor improperly vouched for the victim's credibility. ECF No. 1 at 11. Respondent argues that the Wisconsin Court of Appeals "reviewed [this claim] only under the plain-error standard" and that "[b]y ruling that no plain error occurred, the court of appeals dispatched of this claim through an independent and adequate state procedural ground." ECF No. 9 at 14 (citing *Carter v. Douma*, 796 F.3d 726, 734 (7th Cir. 2015)).[2] Importantly, in so arguing, Respondent references

---

[2]On reply, Respondent argues that the Court should deem Petitioner's prosecutorial misconduct ground unexhausted because the ground asserts that the prosecutor violated *Berger*, but "[t]he Wisconsin Court of Appeals never addressed a '*Berger*' claim of any kind in either of [Petitioner's] appeals." ECF No. 17 at 2 (arguing that Petitioner did not raise the *Berger* argument to the Wisconsin Court of Appeals).

This argument fails. Both in the § 974.06 motion itself, as well as in his later brief to the Wisconsin Court of Appeals, Petitioner explicitly cited *Berger* in support of his contention that the prosecutor improperly vouched for the credibility of the victim. ECF No. 9-13 at 6; ECF No. 9-15 at 17. That the Wisconsin Court of Appeals did not itself acknowledge that citation in addressing the § 974.06 motion is immaterial for exhaustion purposes—the question for exhaustion purposes is not whether the state court actually addressed the ground, but instead whether the petitioner fairly presented the state court the opportunity to address it. *See Wallace v. Duckworth*, 778 F.2d 1215, 1223 (7th Cir. 1985) ("[I]f the substance of the petitioner's constitutional claims are raised in his state court brief, the fact

Page 18 of 29

Petitioner's direct appeal, not his collateral relief proceeding, notwithstanding the fact that Petitioner also argued Ground Six in his § 974.06 motion. ECF No. 9-13 at 6–7. Respondent does so in error.

For purposes of procedural default, the Court looks to "the last state court that rendered judgment." *Lee*, 750 F.3d at 693 (citing *Harris*, 489 U.S. at 263); *Pole*, 570 F.3d at 937 (considering "the last state court to consider the . . . issue" as the relevant opinion). The last state court that addressed Ground Six was the Wisconsin Court of Appeals on collateral review, not the Wisconsin Court of Appeals on direct appeal. It is accordingly the latter opinion that is relevant for the Court's analysis on this motion.

Unlike its opinion on direct appeal, the Wisconsin Court of Appeals on review of the circuit court's denial of Petitioner's § 974.06 motion did not reference the plain error standard.[3] In affirming the denial of Petitioner's § 974.06 motion, the Wisconsin Court of Appeals, specifically with respect to Ground Six, merely noted that Petitioner "argues that the prosecutor improperly vouched for the truthfulness of the child victim" and that it "agree[d] with and adopt[ed] the following analysis by the circuit court rejecting" that ground:

_____

that the state court does not explicitly pass on the claims does not preclude exhaustion, because the state court had the opportunity to consider the issues.") (citing *Smith v. Digmon*, 434 U.S. 332, 333–34 (1978) (per curiam))).

[3]That the state courts in earlier proceedings addressed the issue under plain error review does not change the analysis. "[S]tate procedural bars are not immortal. . . ." *Moore v. Bryant*, 295 F.3d 771, 775 (7th Cir. 2002) (quoting *Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991) and citing *Brooks v. Walls*, 279 F.3d 518, 522 (7th Cir. 2002)). State procedural bars "may expire because of later actions by state courts"—for example, by taking up the merits of the claim. *Id.* (quoting *Nunnemaker*, 501 U.S. at 801 and citing *Brooks*, 279 F.3d at 522). Such is the case here.

The defendant quotes the prosecutor out-of-context as arguing [that] the victim was truthful in her testimony and claims that these comments constitute improper vouching. However, the total context of the prosecutor's comments demonstrate that he was not personally (or on behalf of the State) vouching for the credibility of the victim at all; rather he was inviting the jury to infer that she was being truthful based on her age, presentation, the circumstances of her disclosure, and her own statements regarding her understanding of the importance of being truthful. . . . The court finds nothing objectionable about the prosecutor's statements. This was not an instance of where the prosecutor was hinting or telling the jury "reasons unknown to it for believing that a government witness is telling the truth." *United States v. Edwards*, 581 F.3d 604, 609 (7th Cir. 2009). Rather, the prosecutor was arguing that the evidence and the record showed the victim to be truthful—again, based on her age, presentation, the circumstances of her disclosure, and her own statements regarding her understanding of the importance of being truthful. A prosecutor may comment on the credibility of witnesses provided that comment derives from the evidence. [Citations omitted].

ECF No. 9–16 at 2 (quoting ECF No. 9–14 at 3–5).

As demonstrated by the above excerpt, the Wisconsin Court of Appeals, in affirming the circuit court's rejection of Ground Six in Petitioner's § 974.06 motion, did not "clearly and expressly" note that it was concluding that no plain error occurred. *See Pole*, 570 F.3d at 938 (citations omitted). The excerpt of the circuit court's opinion on which the Wisconsin Court of Appeals expressly relied does not reference the plain error standard. Nor did the underlying circuit court opinion reference or apply the plain error standard.[4] In affirming the rejection of Ground Six to the

_____

[4]The circuit court acknowledged that Petitioner argued in his § 974.06 motion the claim that "the prosecutor improperly vouched for the victim/witness," but it failed to analyze it as a standalone claim; it addressed that allegation only in

extent that it was raised in Petitioner's § 974.06 motion, the Wisconsin Court of Appeals references no state procedural ground at all. To the contrary, the quoted excerpt on which the Wisconsin Court of Appeals relied by all accounts resembles a merits discussion of the ground. It evaluated "the total context of the prosecutor's comments" and ultimately "f[ound] nothing objectionable about" them. ECF No. 9-16 at 2. Indeed, in a footnote, the Wisconsin Court of Appeals went so far as to clarify that it would "address this issue on the merits despite the fact that [Petitioner's] trial counsel did not object" to the issue. *Id.* at 2 n.2.

In light of all the foregoing, the Court again concludes that it would be inappropriate to deem Ground Six procedurally defaulted; the Court is unable to say that the state court expressly relied on a procedural bar. As such, the Court denies Respondent's motion to dismiss as to Ground Six.

### 3.3 Ineffective Assistance of Trial Counsel

The Court next addresses Petitioner's claims of ineffective assistance of trial counsel in Ground Eight. ECF No. 1 at 12–13. Although Petitioner lists the ineffective assistance of trial counsel as a single ground, his description of this ground identifies four distinct critiques of trial counsel's performance: (1) that trial counsel was ineffective for failing to exclude any witness not on the witness list; (2) that trial counsel was ineffective for failing to object to Didier's testimony where she exceeded the scope of the expert summary; (3) that trial counsel was ineffective for failing to object or

_____

the context of the related ineffective assistance of trial counsel claim. ECF No. 9-14 at 2–4 (noting at first that Petitioner raises claims that: "1) the prosecutor improperly vouched for the victim/witness and trial counsel was ineffective for failing to object" and later asserting only that Petitioner "first claims that trial counsel was ineffective for failing to object to alleged improper vouching on the part of the prosecutor during closing arguments").

move for a mistrial for the prosecutor's repeated references to the victim's alleged loss of innocence; and (4) that trial counsel was ineffective for failing to timey object to the prosecution's untimely discovery. *See id.*

First, Respondent contends that Petitioner's ineffective assistance of trial counsel ground is unexhausted because the underlying theories on which the ground was based "were not presented to the Wisconsin Supreme Court." ECF No. 9 at 16; *id.* at 17 ("While [Petitioner] raised his trial counsel ineffectiveness claims in the circuit court and Wisconsin Court of Appeals, he did not present them in his petition for review in the Wisconsin Supreme Court."). Alternatively, Respondent argues that the Wisconsin Court of Appeals decided all of Petitioner's "underlying claims of trial counsel ineffectiveness based on the independent and adequate *Allen* pleading rule." *Id.* at 18.

The Court will deny Respondent's motion to dismiss the ineffective assistance of trial counsel ground because the argument is undeveloped. *Crespo v. Colvin*, 824 F.3d 667, 673 (7th Cir. 2016) (noting that "perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived"). Respondent makes no effort to separate the different claims of ineffective assistance of trial counsel and to explain how each one is either unexhausted or was decided on an independent and adequate state ground. The Court declines to make such an argument in this regard for Respondent at the motion to dismiss stage. *See Nelson v. Napolitano*, 657 F.3d 586, 590 (7th Cir. 2011) ("Neither the district court nor this court are obliged to research and construct legal arguments for parties, especially when they are represented by counsel.").

Respondent's argument is difficult to follow. As to exhaustion, Respondent's opening brief fails to recognize the ineffective assistance of

trial counsel claims that were addressed in the appeal of Petitioner's § 974.06 motion. There, the Wisconsin Court of Appeals clearly addressed multiple claims of ineffective assistance of trial counsel. *See* ECF No. 9-16 at 1. Following that decision, Petitioner raised multiple instances of trial counsel's ineffectiveness in his petition for review to the Wisconsin Supreme Court. *See* ECF No. 9-17 at 1. Respondent acknowledges these arguments only in the reply brief and summarily argues, without explanation or citation, that Petitioner "could not adequately exhaust his claims in this manner." ECF No. 17 at 12. Respondent makes no effort to separate the different instances of ineffective assistance of trial counsel and to explain how they are unexhausted. The Court therefore finds this argument to be undeveloped.

As to procedural default, Respondent argued that the entire ground was barred because the Wisconsin Court of Appeals expressly denied all four ineffective assistance of trial counsel claims in the direct appeal based on Petitioner's failure to satisfy the *Allen* pleading standard. ECF No. 9 at 19 (citing ECF No. 9-10 at 7). Contrastingly, the Court notes that the Wisconsin Court of Appeals' decision stated: "As for the last two claims [of ineffective assistance of counsel], we have rejected these arguments *on the merits.* ECF No. 9-10 at 7 (emphasis added). Again, Respondent's failure to separate the different instances of ineffective assistance of trial counsel was detrimental to a fully developed argument. Based on Respondent's undeveloped argument, the Court cannot say that the state court expressly decided the ineffective assistance of trial counsel claims on a procedural ground. As such, the Court denies Respondent's motion to dismiss as to Ground Eight.

The Court recognizes that some or perhaps even all of Petitioner's ineffective assistance of trial claims may be procedurally barred. However, Respondent has failed to present a fully developed argument in that regard and the Court declines to make Respondent's argument for him. Respondent may raise the issue of procedural default as an alternative argument in its briefing on the merits; however, Respondent must address the deficiencies identified in this Order and clearly explain how the separate ineffective assistance of trial counsel claims are either unexhausted or were decided on an independent and adequate state-law procedural ground.

### 3.4 Denial of Due Process by Circuit Court's Refusal to Adjourn Trial

Lastly, the Court addresses Petitioner's Ground Seven claim that his constitutional rights were violated when the circuit court denied his motion to adjourn trial. ECF No. 1 at 12. Respondent argues that this ground is procedurally defaulted because "[t]he Wisconsin Court of Appeals declined to consider [it] because [Petitioner] failed to develop it." ECF No. 9 at 15.

In his motion for a new trial, Petitioner asserted, among other things, that the denial of his motion to adjourn the trial deprived him of his Due Process rights under the Fourteenth Amendment. ECF No. 9-7 at 1. The circuit court rejected the claim as "conclusory." ECF No. 9-8 at 2. In its review, the Wisconsin Court of Appeals concluded that "the circuit court properly exercised its discretion" in denying the motion to adjourn. ECF No. 9-10 at 4. In other words, it did not merely affirm the circuit court's conclusion that Petitioner's claim failed for being conclusory, but instead went farther and concluded that the denial of the motion to adjourn was not improper. *Id.* at 3–4. The Wisconsin Court of Appeals additionally,

however, noted in a footnote that to the extent that Petitioner attempted to frame that issue as a constitutional violation, neither it nor the circuit court below would address it as such. *Id.* at 4 n.3 (citing *State v. Johnson*, 516 N.W.2d 463, 470 (Wis. Ct. App. 1994) (an issue raised in the circuit court but not argued is deemed abandoned)).

This footnote and its citation to *Johnson* make clear that the Wisconsin Court of Appeals considered the claim—to the extent that it was framed as a constitutional issue—abandoned because it had not been appropriately argued. *See Johnson*, 516 N.W.2d at 470 (citing *Reiman Assocs., Inc. v. R/A Advertising, Inc.*, 306 N.W.2d 292, 294 (Wis. Ct. App. 1981)). That conclusion is an independent and adequate state procedural ground. *See Kaczmarek v. Rednour*, 627 F.3d 586, 592 (7th Cir. 2010) ("[W]hen a state refuses to reach the merits of a petitioner's federal claims because they were not raised in accordance with the state's procedural rules . . . , that decision rests on independent and adequate state procedural grounds." (citing *Woods v. Schwartz*, 589 F.3d 368, 373 (7th Cir. 2009) and *Gray v. Hardy*, 598 F.3d 324, 329 (7th Cir. 2010))).

Petitioner argues that the Wisconsin Court of Appeals was "incorrect[]" when it concluded that Petitioner had "asserted this claim but did not argue it." ECF No. 14 at 14 (quoting ECF No. 9-10 at 4 n.3). But that is not for this Court to say, and it cannot excuse the procedural default. *See Mata v. Baker*, 74 F.4th 480, 487 (7th Cir. 2023) ("[F]ederal courts may not 'reexamine state-court determinations on state-law questions.' . . . [Federal courts] may examine only whether a state procedural rule is a firmly established and regularly followed state law practice, not whether the application of such a rule to the defendant's case was proper on the merits") (quoting *Kimbrough v. Neal*, 941 F.3d 879, 882 (7th Cir. 2019)); *see also Miller*

*v. Zatecky*, 820 F.3d 275, 277 (7th Cir. 2016) ("A federal court cannot disagree with a state court's resolution of an issue of state law.").

In light of the foregoing, the Court is satisfied that Petitioner's Ground Seven claim that his constitutional rights were violated by the circuit court's denial of his motion to adjourn is procedurally defaulted. And although the Wisconsin Court of Appeals then went on to note in its footnote that the claim appeared in any event "meritless based on [its] review of the briefs," ECF No. 9-10 at 4 n.3, that conclusion merely represents an alternative potential basis for dismissal, which does not change the Court's determination as to procedural default. *See Bivens v. Rednour,* 428 F. App'x 638, 642 (7th Cir. 2011) (noting that the state court's merits analysis "was only an alternative holding," so the claim remained "procedurally defaulted" by virtue of the "adequate and independent" state procedural bar) (citing *Harris*, 489 U.S. at 264 n.10 and *Moore*, 295 F.3d at 775)). The Court therefore agrees with Respondent that Ground Seven is procedurally defaulted because it was decided on an independent and adequate state-law ground.

Finally, the Court does not find that Petitioner has shown cause and prejudice to excuse his procedural default as to Ground Seven.[5] The standard for demonstrating cause is a showing that an "external impediment prevented the petitioner from presenting his federal claim to the state courts." *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004). Petitioner argues that his postconviction counsel's ineffective performance is cause to excuse the default. ECF No. 14 at 18–19. Indeed, "'[a]ttorney error

---

[5]Petitioner does not argue actual innocence as a reason to excuse the procedural default. *See* ECF No. 14 at 18–19. As such, the Court therefore does not address this issue.

Case 2:23-cv-01722-JPS    Filed 03/14/25    Page 26 of 29    Document 18

that constitutes ineffective assistance of counsel is cause to set aside a procedural default.'" *Smith v. Gaetz*, 565 F.3d 346, 352 (7th Cir. 2009) (quoting *Franklin v. Gilmore*, 188 F.3d 877, 883 (7th Cir. 1999)). However, that assertion of ineffective assistance of postconviction counsel "is, itself, a constitutional claim that must have been raised before the state court." *Id.* (quoting *Lee v. Davis*, 328 F.3d 896, 901 (7th Cir. 2003)). Petitioner did not bring a separate claim that postconviction counsel was ineffective for failing to adequately raise the claim that his Due Process rights were violated. Indeed, Petitioner still maintains that the issue was properly raised and that it was instead the state that erred by choosing not to address it. *See* ECF No. 14 at 16. ("Martin-Andrade made the claim. The State chose not to address it. The State defaulted—not Martin-Andrade."). As such, the Court finds Petitioner has not shown cause to excuse the procedural default as to Ground Seven. Respondent's motion to dismiss is accordingly granted as to Ground Seven.

**4. CONCLUSION**

In sum, the Court grants Respondent's motion to dismiss as to Ground Seven and denies the motion as to Grounds One, Two, Three, Four, Five, Six, and Eight. The parties shall follow the briefing schedule outlined below to address the remaining claims going forward.

Accordingly,

**IT IS ORDERED** that Respondent Dan Cromwell's motion to dismiss, ECF No. 8, be and the same is hereby **GRANTED in part and DENIED in part** as described in this Order;

**IT IS FURTHER ORDERED** that Petitioner Hector M. Martin-Andrade's Ground Seven claim that the circuit court's denial of his motion

to adjourn violated his constitutional rights, ECF No. 1 at 12, be and the same is hereby **DENIED as procedurally defaulted**; and

      **IT IS FURTHER ORDERED** that the parties shall proceed in accordance with the following schedule:

1. Within thirty (30) days of entry of this Order, Respondent shall answer the petition, complying with Rule 5 of the Rules Governing Section 2254 Cases, and showing cause, if any, why the writ should not issue;

2. Petitioner shall have sixty (60) days after the filing of Respondent's answer within which to file a brief in support of his petition, providing reasons why the writ of habeas corpus should be issued. Petitioner is reminded that, in accordance with 28 U.S.C. § 2248, unless he disputes allegations made by Respondent in his answer, those allegations "shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."

3. Respondent shall file an opposition brief, with reasons why the writ of habeas corpus should not be issued, within sixty (60) days of service of Petitioner's brief, or within one hundred twenty (120) days from the date of this Order if no brief is filed by Petitioner.

4. Petitioner may then file a reply brief, if he wishes to do so, within thirty (30) days after Respondent has filed a response brief.

Dated at Milwaukee, Wisconsin, this 14th day of March, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge